# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Donald Maclellan | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** |
| v. | |
| Convergent Outsourcing, Inc., | **JURY DEMAND ENDORSED HEREIN** |
| Defendant. | |

## PARTIES

1. Plaintiff is a natural person who resided in Chicago, IL at all times relevant to this action.

2. Defendant is a Washington Corporation that maintained its principal place of business in Renton, WA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to a creditor, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. Prior to January 8, 2013, Defendant had telephoned Plaintiff's girlfriend ("Julie") in connection with the collection of the debt.

14. Prior to January 8, 2013, Plaintiff spoke to Defendant and informed Defendant that Plaintiff could not be reached at Julie's telephone number and requested that calls to Julie's phone number cease.

15. On or around January 8, 2013, Defendant telephoned Julie again in connection with the collection of the debt, despite the above notice.

16. During this communication, Defendant disclosed to Julie that Plaintiff owed the debt and that Defendant was a debt collector calling in connection with the collection of the debt.

17. At the time of this communication, Defendant already had Plaintiff's location information.

18. Defendant caused Plaintiff great embarrassment and humiliation.

19. Defendant caused Plaintiff emotional distress.

20. Defendant violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

21. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

22. In support hereof, Plaintiff incorporates paragraphs 13-17 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

24. In support hereof, Plaintiff incorporates paragraphs 13-17 as if specifically stated herein.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Law Office of Jason Blust, LLC

By: s/Colin Banyon
    Colin Banyon
    211 W. Wacker Dr., Suite 200
    Chicago, IL 60606
    Telephone: (800)383-8180
    Fax: (312)273-5024
    Email: colin.banyon@clientfirstbankruptcy.com
    *Attorneys for Plaintiff*